**Tacuma SHAREEF, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 01–02–00751–CR.**

Court of Appeals of Texas,
Houston (1st Dist.).

Oct. 9, 2003.

Terrence A. Gaiser, Houston, for appellant.

Lori Deangelo Fix, Asst. Dist. Atty., Charles A. Rosenthal, Jr., Dist. Atty., Harris County, Houston, for appellee.

Panel consists of Chief Justice RADACK and Justices KEYES and ALCALA.

## OPINION

EVELYN V. KEYES, Justice.

Appellant, Tacuma Shareef, pleaded not guilty to aggravated robbery,[1] enhanced with two prior felony convictions. The jury found appellant guilty as charged and assessed his punishment at life imprisonment. In four points of error, appellant challenges the admission of evidence, at the punishment stage, of two previous offenses and contends that he was denied effective assistance of counsel. We affirm.

### Background

In September 1999, Jennifer Dunn and Jennifer Nichols opened the Blockbuster store where they worked. About an hour after the store opened, appellant came into the store wearing sunglasses and a baseball cap. He walked up behind Dunn and said, "This is a hold-up." Appellant ordered Dunn to the front of the store and followed her. Dunn told Nichols they needed to go into the office. Nichols unlocked and opened the office door as appellant followed close behind them, carrying a gun. Inside the office, appellant instructed Dunn to stare at the wall and the filing cabinet and told Nichols to open the safe and give him the money. Nichols handed appellant pouches containing money, but appellant kept asking for the previous night's deposit. Nichols told appellant she had already taken the deposit to the bank,

which made him agitated. Nichols opened the safe completely so that appellant could see for himself that it was empty. Dunn testified that, because appellant knew that the deposit should have been in the safe, it was apparent he knew how the store operated.

Appellant then ordered Dunn and Nichols to empty the cash registers. They removed the cash from each register and placed it in a bag that appellant held. Appellant then forced them back into the office, still holding the gun. He pulled the telephone out of the wall and made the women kneel with their faces to the wall. He instructed them to stay there, and then he left the store.

In July 2001, after appellant had been arrested for aggravated robbery pursuant to a warrant from Washington County, the Houston Police Department brought appellant to Harris County to participate in a lineup for a series of unsolved local aggravated robberies. When appellant refused to cooperate, the police handcuffed him to proceed with the lineup. Each of the other four participants in the lineup resembled appellant. None of the other participants were handcuffed, but they were instructed to keep their hands behind their backs. Police put a baseball cap and a pair of sunglasses on each of the men, and instructed each man to say, "This is a robbery." The men were also told to turn in a circle while keeping their hands behind their backs.

Betsy Quinn and Alejandro Diaz, victims in two separate other robberies, were present at the lineup.[2] They positively identified appellant in the live lineup as the robber. Ultimately, the police chose not to charge appellant with these aggravated

---

1. *See* TEX. PEN.CODE ANN. § 29.03 (Vernon 2003).

2. Quinn worked at a Blockbuster that was robbed in June 2001; Diaz worked at a Hollywood Video that was robbed in August 2000.

robberies because of the possibility of a tainted live lineup, since Quinn and Diaz could have seen appellant's hands in handcuffs.

An officer videotaped the lineup. On tape, the men were visible only from mid-torso to their heads, and the handcuffs were not visible. Police showed the tape to Dunn and Nichols and to other victims of extraneous Blockbuster or Hollywood Video robberies that took place from 1999 to 2001. Each person who viewed the videotape, including Dunn and Nichols, positively identified the defendant as their robber.

During the guilt/innocence phase of the trial, appellant's attorney filed a motion to suppress all identifications made based on the videotaped lineup. After the State concluded its case, the trial judge denied the motion to suppress, stating:

> The motion to suppress the video will be denied. The [trial court's] ruling is restricted to the video lineup as it was seen and viewed by Jennifer Nichols and Jennifer Dunn and does not speak to any other complaining witnesses or cases that may be an issue for another day. But don't misread and expand the Court's ruling. It's just to the video lineup and those two complaining witnesses.

In the punishment phase, the State called three witnesses from the extraneous Blockbuster and Hollywood Video robberies. These witnesses all made in-court identifications of appellant. Quinn and Diaz, the two witnesses who had viewed the live lineup, also testified. Both identified appellant in court as the man who had robbed them, and both testified that they had an independent basis for their in-court identification of the appellant—their memory of the robberies. Quinn testified that he did not see the handcuffs during the lineup and Diaz testified that seeing the handcuffs had not influenced his identification. Appellant's attorney did not renew his motion to suppress Quinn's and Diaz's identification testimony.

## Identification

In points of error three and four, appellant argues that he was denied a fair trial under the Fifth and Fourteenth Amendments of the United States Constitution and under Article 38.23 of the Code of Criminal Procedure, because the jury was allowed to hear evidence in the punishment phase of trial of a tainted in-court and out-of-court identification of appellant as the perpetrator of an extraneous armed robbery.

Appellant has waived these points of error. To preserve the issue, appellant was required to object to this identification testimony. Tex.R.App. P. 33.1(a); *Waller v. State*, 581 S.W.2d 483, 484 (Tex.Crim. App.1979). The record reflects that appellant did not seek a ruling as to whether the live lineup viewed by Quinn and Diaz was impermissibly suggestive; nor did he object to Quinn's or Diaz's in-court identification of appellant as the person who robbed them.

We overrule appellant's third and fourth points of error.

## Ineffective Assistance of Counsel

In his first and second points of error, appellant contends that he was denied effective assistance of counsel under the Sixth and Fourteenth Amendments of the United States Constitution and under Article 1, Section 10, of the Texas Constitution because his attorney failed to object to Diaz's and Quinn's in-court identification of appellant in the punishment phase of the trial.

To show ineffective assistance of counsel, an appellant must demonstrate (1) that

counsel's representation fell below an objective standard of reasonableness based on prevailing professional norms and (2) that, but for counsel's errors, there is a reasonable probability the result of the proceeding would have been different. *Strickland v. Washington,* 466 U.S. 668, 688, 694, 104 S.Ct. 2052, 2064–65, 2068, 80 L.Ed.2d 674 (1984); *Hernandez v. State,* 726 S.W.2d 53, 57 (Tex.Crim.App.1986).

The Court of Criminal Appeals has determined that, even when a pretrial identification procedure is impermissibly suggestive, a witness's in court testimony will nevertheless be admissible if the record reveals that the witness's prior observation of the accused was sufficient to serve as an independent origin for the in court identification. *See Jackson v. State,* 657 S.W.2d 123, 130 (Tex.Crim.App.1983). Here, both witnesses testified that the handcuffs did not influence their identification of appellant. The witnesses testified that their in court identifications of appellant came from their memory of appellant during the robberies. Thus, counsel did not err by failing to object to the in court identifications which the evidence established were not tainted by the out-of-court identification procedure. Because appellant has not established that he would have prevailed in a motion to suppress the in court identification, he has not established that counsel was ineffective for failing to assert the motions. *See Roberson v. State,* 852 S.W.2d 508, 510–12 (Tex.Crim.App. 1993). Accordingly, appellant cannot satisfy the first *Strickland* prong.

We overrule appellant's first and second points of error.

### Conclusion

We affirm the judgment.