Opinion issued July 28, 2010

 



 

In The

Court of
Appeals

For The

First District
of Texas

————————————

NO. 01-10-00162-CR

———————————

IN RE
TACUMA SHAREEF, Relator 



 



 

Original Proceeding on Petition for Writ of Mandamus



 



 

MEMORANDUM OPINION 

          On July 16, 2002, relator, Tacuma Shareef,  was convicted of the offense of aggravated
robbery, in trial court cause number 912237. 
Relator appealed his conviction, and the case was assigned to this Court
as appellate number 01-02-00751-CR.  On
October 9, 2003, this Court issued an opinion affirming relator's conviction in
cause number 912237.  See Shareef v. State, 121 S.W.3d 114
(Tex. App.-Houston [1st Dist.] 2003, no pet.). 
Our  mandate of affirmance issued
on February 24, 2004.  

          Relator has filed a petition for writ
of mandamus with the Clerk of this Court in which he asks that we again review
the written judgment of the trial court in cause number 912237.  Relator requests that this Court “set aside
or vacate” the “void” judgment of the trial court on the ground that the
judgment incorrectly states that appellant was convicted of aggravated assault.  In the alternative, relator requests that we
“order the trial court to set aside or vacate relator’s void judgment of
conviction . . . and that the relator be returned to Harris County for further
disposition of this case, or be released from custody forthwith.”  

          Relator’s petition does not meet the
requirements of the Texas Rules of Appellate Procedure because he has not
served the respondent trial court judge with a copy of the petition for writ of
mandamus.  Tex. R. App. P. 9.5.  

          Moreover, relator is seeking post-conviction
relief on a final felony conviction. 
Jurisdiction for the relief requested by relator to declare a judgment
of conviction “void” has passed to the Texas Court of Criminal Appeals.  Tex.
Code Crim. Proc. Ann. art. 
11.07 (Vernon Supp. 2009).  This Court
has no jurisdiction over post-conviction writs of habeas corpus in felony
cases.  See Board of Pardons’ & Paroles v. Court of Appeals for the Eight
District, 910 S.W.2d 481, 183 ( Tex.
(Tex. Crim. App. App. 1995); In re Coronado,
980 S.W.2d 691, 692.  Also see, Tex. Code Crim. Proc. Ann. art.  11.07
(Vernon Supp. 2009).

          Along
with his petition for writ of mandamus, relator filed a motion for leave to
file his petition.  Motions for leave to
file petitions in original proceedings are no longer required by the Rules of
Appellate Procedure.  Tex. R. App. P. 52.1. The motion for
leave to file is denied.

          The
petition for writ of mandamus is denied.[1]

PER CURIAM

Panel
consists of Justices Keyes, Hanks, and Higley.

Do
not publish.  Tex. R. App. P. 47.2(b).











[1]
          The
record on appeal reflects that the trial court entered a judgment convicting appellant
for the offense of aggravated assault. 
However, the appellate record for trial court cause number 912237,
appellate number 01-02-00751-CR, contains a copy of the verdict, which states
“We, the Jury, having found the defendant, Tacuma Shareef, guilty of the felony
offense of aggravated robbery, do further find the allegations in Enhancement
Paragraph One and Enhancement Paragraph Two are true and assess his punishment
at confinement in the institutional division of the Texas Department of
Criminal Justice for life.”  A judgment
may be reformed by the trial court to show the correct offense of which the
accused was found guilty by a jury or court. 
Ex parte Dopps, 723 S.W.2d 669
(Tex. (Tex. Crim. App. App. 1986).  A judgment nunc pro tunc is the appropriate
remedy to correct a trial court’s judgment that does not reflect the judgment
that was actually rendered by the trial court. 
Alvarez v. State, 605 SW2d 615
(Tex. Crim. App. 1980).  Also see, Allen v. State, 20 S.W.3d 164,
165 (Tex. App.—Texarkana 2000, no pet.) citing Ex parte Dopps, 723 S.W.2d 669 (Tex. Crim. App. App. 1986).