**Ex parte Jeri Colette DOPPS.**

**No. 69600.**

Court of Criminal Appeals of Texas, En Banc.

April 30, 1986.

Randy Farrar, Huntsville, for appellant.

Benjamin Euresti, Jr., Dist. Atty., and John A. Olson, Asst. Dist. Atty., Brownsville, Robert Huttash, State's Atty., Austin, for the State.

## OPINION

PER CURIAM.

This is a postconviction application for writ of habeas corpus filed pursuant to 11.07, V.A.C.C.P.

Applicant was indicted for murder, the indictment alleging that she intentionally and knowingly caused the death of an individual "by striking [him] about the head with a board." On September 22, 1980, applicant pled nolo contendere, pursuant to a plea bargain agreement, to the lesser included offense of voluntary manslaughter. The State recommended a sentence of 20 years confinement in the Texas Department of Corrections and the trial court followed the recommendation. Judgment of conviction was entered October 1, 1980, and sentence was entered October 6th. There was no affirmative finding that a deadly weapon had been used in the commission of the offense.

In July, 1985, trial officials were notified that applicant had been tentatively approved for release on parole. Thereupon the trial court, without notice or hearing, issued a judgment and sentence "Nunc Pro Tunc," stating that due to clerical error an affirmative finding of use of a deadly weapon had been omitted from the judgment and sentence five years earlier. The judgment and sentence Nunc Pro Tunc entered such a finding.

Applicant now contends that such a finding was never contemplated in the original plea proceeding and therefore may not now be entered through a nunc pro tunc order. We agree and will grant the relief sought.

■ "The purpose of a nunc pro tunc order is to correctly reflect *from the records of the court* a judgment actually made by it, but which for some reason was not entered of record at the proper time." *Alvarez v. State*, 605 S.W.2d 615, 617 (Tex. Cr.App.1980) (emphasis added). A nunc pro tunc order may be used to correct clerical errors in a judgment, but not judicial omissions. *Alvarez*, supra; *Wilson v. State*, 677 S.W.2d 518, 521 (Tex.Cr.App. 1984). "Thus, before a judgment nunc pro tunc may be entered, there must be proof that the proposed judgment was actually rendered or pronounced at an earlier time." *Wilson*, supra. For example, in *Alvarez*, supra, a nunc pro tunc order was used to correct the number of the convicting court in a judgment, after a deputy district clerk testified at a hearing that she had accidentally entered the wrong number in the original judgment.

■ In the instant case there is no evidence that the parties to applicant's plea bargain agreement in 1980 contemplated an affirmative finding of a deadly weapon, or that the trial court made such a finding at that time. There is no mention of such a finding in the original judgment and conviction, the minutes of the court, the transcript of the plea proceeding, or in the waiver of rights and stipulation of evidence signed by applicant, her attorney, and the trial judge. At the punishment phase of applicant's plea proceeding in 1980 applicant put on witnesses but counsel for the State specifically stated, "We have no evidence at this proceeding, Your Honor." A "board" is not a deadly weapon per se, nor does the indictment allege that the board was a deadly weapon in the manner of its use. Sec. 1.07(a)(11), V.T.C.A. Penal Code. The trial court in its findings of fact states that such a finding would have been "inserted" in the judgment at the time of the original sentencing "had the omission been

noticed by the judge at the time of signing." Though there would have been no record support for such a finding, the trial court has entered its nunc pro tunc order to correct this "omission."

This is not a proper use of the nunc pro tunc. As stated, a nunc pro tunc order may be used to correct clerical, not judicial omissions or errors. "A correction can be made to reflect what actually occurred at trial by entry of nunc pro tunc judgment, but correction can be only as to what was done and not as to what should have been done." *Chaney v. State*, 494 S.W.2d 813, 814 n. 1 (Tex.Cr.App.1973); *Villarreal v. State*, 590 S.W.2d 938, 939 (Tex.Cr.App. 1979). The trial court was not authorized to enter the nunc pro tunc judgment entered in the instant case. *Chaney*, supra.

The relief prayed for is granted. The nunc pro tunc order is vacated and set aside, and the original judgment and sentence are reinstated. Copies of this opinion shall be forwarded to the Department of Corrections and the Board of Pardons and Paroles.

It is so ordered.