TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-95-00418-CR


NO. 03-95-00419-CR







Ex Parte: Jesse Monroe, Appellant









FROM THE DISTRICT COURT OF CALDWELL COUNTY, 274TH JUDICIAL DISTRICT


NOS. 95-019 & 95-020, HONORABLE WILLIAM E. BENDER, JUDGE PRESIDING 








 Appellant was charged in the proceeding below with the offenses of sexual assault
(3 counts) (cause no. 03-95-00418-CR) and aggravated robbery (cause no. 03-95-00419-CR). All
of the offenses were alleged to have occurred on January 11, 1995. Appellant claims that,
because the offenses have been litigated in a hearing before a Board of Pardons and Parole hearing
examiner as well as the Parole Board, their finding of insufficient evidence to support the alleged
offenses collaterally estopped the State from further prosecuting these causes under the double
jeopardy provision of the Fifth Amendment to the United States Constitution. See Ashe v.
Swenson, 397 U.S. 436, 443 (1970); Ladner v. State, 780 S.W.2d 247, 249 (Tex. Crim. App.
1989); Tarver v. State, 725 S.W.2d 195, 198 (Tex. Crim. App. 1986). Appellant relies on
Montana Department of Revenue v. Kurth Ranch, U.S. , 128 L.Ed.2d 767 (1994) and United
States v. Halper, 490 U.S. 435 (1989). Kurth Ranch and Halper held that jeopardy attaches
whenever the State punishes a person for criminal activity, be it in a criminal trial, civil trial or
at an administrative proceeding. See Kurth Ranch, 128 L.Ed.2d at 777; Halper, 490 U.S. at 447-48; Ex parte Ariza, No. 03-95-00216-CR, slip op. at 4 (Tex. App.--Austin November 18, 1995,
no pet. h.).

 On June 9, 1995, appellant filed a "Special Plea Former Jeopardy-Collateral
Estoppel" in both causes urging that the State was collaterally estopped under the doctrine of
double jeopardy from further prosecuting these causes. A hearing on the motions was held in the
trial court on July 6, 1995. Appellant sought to introduce an unsigned instrument entitled "Texas
Board of Pardons and Paroles Revocation Hearing Report Proceeding Sheet" regarding a Jesse
Monroe. The proffered instrument showed pending offenses identical to the ones pending against
appellant as the reason for the hearing on parole revocation. The hearing officers "comments"
stated that the complaining witness gave direct testimony, but under advice from an assistant
district attorney from Caldwell County, the complainant left before cross-examination along with
all subpoenaed detectives. The findings reflect that there was a lack of evidence to show appellant
committed the offenses. Appellant was then ordered continued on the highest level supervision. 
The trial court sustained the State's objections that the instrument was hearsay because there was
no predicate testimony or an affidavit proving its authenticity. Appellant stated he was unable to
secure a statement of facts from the parole revocation hearing. See Ladner, 780 S.W.2d at 250. 
The trial court denied appellant's special pleas and stated that it would "sign the order."


 On July 7, 1995, the trial court entered an order in both causes, designating it as
an "Amended Order on Application for Writ of Habeas Corpus and Application for Stay Nunc Pro
Tunc." The orders stated that applications for writ of habeas were set for hearing on July 6,
1995, at 9:30 a.m., and directed appellant to serve the district attorney with a copy of this
application and this order. The order further recited:



 IT IS FURTHER ORDERED that the hearing on this application shall
consist of all evidence and argument heretofore heard by this Court on Applicant's
Plea of Former Jeopardy hearing on July 6, 1995. The Court hereby takes judicial
notice of all said evidence and it is deemed to have been re-offered in connection
with this application for a Writ of Habeas Corpus. Having considered the
evidence, argument of counsel, the relief requested by the Applicant is GRANTED
DENIED


 IT IS FURTHER ORDERED that the trial of the applicant in cause nos.
95-019 and 95-020 in the 22nd judicial Court of Caldwell County, Texas, are
stayed pending further order of this Court or the Court of Appeals in the Third
District of Texas at Austin, or the Court of Criminal Appeals for the State of
Texas.


 SIGNED this 7th day of July, 1995.





 /s/ Bill Bender JUDGE PRESIDING



 It appears that the order was entered ex parte without notice to the State. Appellant
filed a "Pre-Trial Application for Writ of Habeas Corpus Seeking Relief from Double Jeopardy"
on June 30, 1995 in both causes. However, no hearing was set on the application nor is there any
showing that the State was served with any notice regarding same. No mention of the habeas
application was made at the July 6 hearing on the special pleas. The trial court's orders
specifically recite that the hearing on July 6, 1995, was on appellant's special pleas of former
jeopardy.

 A pre-trial hearing on a special plea of double jeopardy is not appealable because
a defendant has not been twice put to trial. See Apolinar v. State, 820 S.W.2d 792, 794 (Tex.
Crim. App. 1991). The pre-trial writ of habeas corpus is the only way to protect a defendant's
Fifth Amendment right against twice being put to trial. Id.

 "[A] nunc pro tunc order may be used to correct clerical, not judicial omissions or
errors. `A correction can be made to reflect what actually occurred at trial by entry of nun pro
tunc judgment.'" Ex parte Dopps, 723 S.W.2d 669, 671 (Tex. Crim. App. 1986) (citations
omitted). At the hearing on the pleas of jeopardy, the trial court excluded the only evidence
offered by appellant. The nunc pro tunc orders recite that the evidence at the hearing has been
reoffered and considered by the trial court. The trial court did not have the authority nor did it
attempt to stay the causes pending appeal at the hearing on the pleas of jeopardy.

 Clearly, the nunc pro tunc orders do not reflect what actually occurred at the
hearing on July 6, 1995. At the hearing, the court heard and overruled appellant's special pleas
of former jeopardy. The court did not hear or consider appellant's application for writ of habeas
corpus. Because the nunc pro tunc orders go far beyond correcting mere clerical errors and
attempts to alter retroactively the July 6 hearing, the orders are void. Id.

 Disregarding the void nunc pro tunc orders these are in effect appeals from orders
denying appellant's special pleas of former jeopardy. Such orders are not appealable. Apolinar,
820 S.W.2d at 794. Accordingly, we dismiss these appeals for want of jurisdiction.



 

 Tom G. Davis, Justice

Before Chief Justice Carroll, Justices Kidd and Davis*

Dismissed for Want of Jurisdiction on Both Causes

Filed: January 24, 1996

Do Not Publish










* Before Tom G. Davis, Judge (retired), Court of Criminal Appeals, sitting by assignment. See
Tex. Gov't Code Ann. § 74.003(b) (West 1988).



is application for a Writ of Habeas Corpus. Having considered the
evidence, argument of counsel, the relief requested by the Applicant is GRANTED
DENIED


 IT IS FURTHER ORDERED that the trial of the applicant in cause nos.
95-019 and 95-020 in the 22nd judicial Court of Caldwell County, Texas, are
stayed pending further order of this Court or the Court of Appeals in the Third
District of Texas at Austin, or the Court of Criminal Appeals for the State of
Texas.


 SIGNED this 7th day of July, 1995.





 /s/ Bill Bender JUDGE PRESIDING



 It appears that the order was entered ex parte without notice to the State. Appellant
filed a "Pre-Trial Application for Writ of Habeas Corpus Seeking Relief from Double Jeopardy"
on June 30, 1995 in both causes. However, no hearing was set on the application nor is there any
showing that the State was served with any notice regarding same. No mention of the habeas
application was made at the July 6 hearing on the special pleas. The trial court's orders
specifically recite that the hearing on July 6, 1995, was on appellant's special pleas of former
jeopardy.

 A pre-trial hearing on a special plea of double jeopardy is not appealable because
a defendant has not been twice put to trial. See Apolinar v. State, 820 S.W.2d 792, 794 (Tex.
Crim. App. 1991). The pre-trial writ of habeas corpus is the only way to protect a defendant's
Fifth Amendment right against twice being put to trial. Id.

 "[A] nunc pro tunc order may be used to correct clerical, not judicial omissions or
errors. `A correction can be made to reflect what actually occurred at trial by entry of nun pro
tunc judgment.'" Ex parte Dopps, 723 S.W.2d 669, 671 (Tex. Crim. App. 1986) (citations
omitted). At the hearing on the pleas of jeopardy, the trial court excluded the only evidence
offered by appellant. The nunc pro tunc orders recite that the evidence at the hearing has been
reoffered and considered by the trial court. The trial court did not have the authority nor did it
attempt to stay the causes pending appeal at the hearing on the pleas of jeopardy.

 Clearly, the nunc pro tunc orders do not reflect what actually occurred at the
hearing on July 6, 1995. At the hearing, the court heard and overruled appellant's special pleas
of former jeopardy. The court did not hear or consider appellant's application for writ of habeas
corpus. Because the nunc pro tunc orders go far beyond correcting mere clerical errors and
attempts to alter retroactively the July 6 hearing, the orders are void. Id.

 Disregarding the void nunc pro tunc orders these are in effect appeals from orders
denying appellant's special pleas of former jeopardy. Such orders are not appealable. Apolinar,
820 S.W.2d at 794. Accordingly, we dismiss these appeals for want of jurisdiction.



 

 Tom G. Davis, Justice

Before Chief Justice Carroll, Justices Kidd and Davis*

Dismissed for Want of Jurisdiction on Both Causes

Filed: January 24, 1996

Do Not Publish