TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-08-00512-CV






In re Jose Urrutia Gomez






ORIGINAL PROCEEDING FROM HAYS COUNTY





O P I N I O N


 Jose Urrutia Gomez petitions for writ of mandamus to compel the district court
to enter a nunc pro tunc order modifying his judgment of conviction to reflect back-time credit. 
For the reasons explained herein, we will conditionally grant relief.

 On June 5, 2001, Gomez pled guilty to sexual assault of a child. The written plea
agreement was memorialized in a form titled "Plea Bargain Agreement" that contained blanks for
numerous potential terms. Only some of the blanks were completed with typed or handwritten
notations:


Offense: SEXUAL ASSAULT OF A CHILD

Degree: SECOND

Plea to Enhancement Paragraphs:

State to Waive Enhancement Paragraphs:

State to Dismiss:


Confinement: [handwritten:] 12 years TDCJ ________ Hays County Jail

 _______________ State Jail

 Affirmative finding deadly weapon used

 Credit agreed for ______ days served



Community

Supervision: _____________ years TDCJ probated for ______ years

 _____________ State Jail probated for _______ years

 _____________ Hays County Jail probated for _____

 _____________ days jail as condition of community supervision

 _______ Work Release

 Deferred Adjudication probated for ______ years

 Fine $ _________

 Court Costs due at time of sentencing

 Restitution $ _________

 Reimburse Hays County for court appointed attorney

 Adult community supervision fee of $ 40.00, payable monthly

Special Terms:

 Psychological/Drug/Alcohol Abuse Evaluation & Counseling
____________________________________________________

 Intensive Supervision Program

 Community Service Restitution: _________ HOURS

[handwritten "x"] Other: [handwritten:] "no contact with [two names]"


Thus, of the numerous blanks in the "Plea Bargain Agreement" form, only the following
contained notations: (1) the offense (sexual assault of a child); (2) degree (second); (3) the term of
confinement (12 years in TDCJ); and (4) a "special term" that Gomez have no contact with two
individuals. Additionally, the form specified a $40.00 adult community supervision fee, although
none of the boxes relating to that fee or community supervision were checked. Of significance to
this proceeding, the box beside "Credit agreed for ______ days served" was left blank, as was the
space for indicating the "days served" for which credit had been "agreed."

 At the bottom of the page was the following statement:


"THE UNDERSIGNED certify that they have READ ALL TERMS of the above
agreement, and the agreement contains ALL the terms of the plea agreement to which they
have agreed:


(Emphasis in original). Immediately below this certification were the signatures of the prosecutor,
Gomez, and Gomez's counsel.

 Gomez's judgment of conviction, as the State observes, "mirrors the signed
plea agreement." The judgment states "PLEA BARGAIN TERMS: TWELVE (12) YEARS
INCARCERATION," and "PUNISHMENT AND PLACE OF CONFINEMENT: TWELVE (12)
YEARS CONFINEMENT IN THE INSTITUTIONAL DIVISION OF THE TEXAS
DEPARTMENT OF CRIMINAL JUSTICE AND A FINE OF NONE." A blank in the judgment
form appears beside "TIME CREDITED AGAINST SENTENCE." The parties agree that the
judgment did not award any back-time credit.

 In March 2008, Gomez filed a motion for judgment nunc pro tunc in the district court
requesting that his judgment of conviction awarding no back-time credit be corrected to reflect a
total of 160 days credit. In support, Gomez submitted a certification from the Hays County Sheriff's
Office reflecting that he had been incarcerated following his arrest on December 23, 2000, and for
an additional 159 days between March 19 and August 24, 2001. Gomez's sentencing, June 5, 2001,
occurred on the 78th day of the 159-day period in which he was confined in the Hays County Jail. 
In an order dated July 18, 2008, the district court denied relief, adding that it "further finds
that the record accurately reflects the sentence of the Court, including back time." Gomez
subsequently sought mandamus with this Court to compel the district court to enter the nunc pro tunc
judgment he requested.

 Article 42.03, section 2(a) of the code of criminal procedure mandates that "[i]n all
criminal cases the judge of the court in which the defendant was convicted shall give the defendant
credit on his sentence for the time the defendant has spent (1) in jail in said cause . . . from the time
of arrest and confinement until his sentence by the trial court." Tex. Code Crim. Proc. Ann. art.
42.03, § 2(a)(1) (West Supp. 2008). Consequently, "[t]he trial court is required to grant the
[defendant] pre-sentence jail time when sentence is pronounced." See Ex parte Ybarra, 149 S.W.3d
147, 148 (Tex. Crim. App. 2004). Reflecting the mandatory, ministerial nature of this duty, the court
of criminal appeals has instructed lower courts that "[i]n the event the [trial] court fails to award such
credit at the time the sentence is imposed, the trial court has the authority to correct the judgment to
reflect the appropriate time credit by nunc pro tunc order and should do so." Id.; see also Collins
v. State, 240 S.W.3d 925, 928 (Tex. Crim. App. 2007) ("An incorrect calculation of the amount
of back-time awarded to a defendant, or the omission of any statutory back-time in the judgment
can be adjusted by a motion for judgment nunc pro tunc"). (1) The court has similarly held that a
defendant may seek mandamus challenging a trial court's denial of or refusal to rule on a motion for
a nunc pro tunc order to add back-time. See Ybarra, 149 S.W.3d at 149.

 The State does not dispute Gomez's proof that he served a total of 79 days in
Hays County Jail between his arrest and sentencing. Instead, it argues that "[b]ecause this is a plea
bargain case, it is controlled by Collins v. State." In Collins, the defendant entered a plea agreement
regarding drug possession charges in which he explicitly agreed to five years' confinement with
34 days of pre-sentence back-time. The trial court accepted the plea and entered judgment tracking
those terms. After the trial court's plenary power had expired, Collins obtained a nunc pro tunc
order from the trial court granting him an additional 271 days of back-time that he had accrued while
in custody prior to sentencing. The State appealed, and the court of appeals reversed. Collins then
appealed to the court of criminal appeals, which affirmed the court of appeals. See Collins,
240 S.W.3d at 926-28.

 The court of criminal appeals emphasized the general principles that a nunc pro tunc
order is appropriate for fixing clerical errors in the record as to the judgment the trial court actually
rendered, not errors that were the result of judicial reasoning, and that it cannot be used to
"change a court's records to reflect what [the trial court] believes should have been done." Id. at 928
(citing Ex parte Poe, 751 S.W.2d 873, 876 (Tex. Crim. App. 1988) and Ex parte Dopps, 723 S.W2d
669, 671 (Tex. Crim. App. 1986)). It observed that, consequently, "before a judgment nunc pro tunc
may be entered, there must be proof that the proposed judgment was actually rendered or pronounced
at an earlier time." Id. (citing Wilson v. State, 677 S.W.2d 518, 521 (Tex. Crim. App. 1984)). From
the record in Collins, the court of criminal appeals concluded, "[i]t is clear . . . that there was no
clerical error that this judgment nunc pro tunc was correcting. The judge exercised judicial
reasoning when he chose to accept the recommendation of the State and allow the terms of the
plea bargain to control, and he entered judgment in accordance with these terms." Id. "Therefore,"
the court reasoned, "a judgment nunc pro tunc is not the proper remedy for the failure to award
additional back-time in this circumstance." Id.

 The court of criminal appeals distinguished the Ybarra line of cases regarding
back-time on the basis that "in this case, there is a controlling plea bargain." Id. at 929. It noted that
in Ex parte Olivares, 202 S.W.3d 771 (Tex. Crim. App. 2006), it had recognized that a defendant
could affirmatively waive his right to pre-sentence back-time credit by entering into a plea bargain
"if the facts on record support that a waiver occurred." Collins, 240 S.W.3d at 929. The Collins
court reasoned:


The question before this court now is not whether Appellee affirmatively waived
his rights to the back-time credit, nor is there even an assertion that the plea bargain
was not entered into knowingly and voluntarily. An appeal from a judgment nunc
pro tunc would not be the correct procedure for deciding such an issue. However,
the ability of a defendant to enter into a plea bargain and waive his right to back-time
is important because it demonstrates that Appellee did not have a clear automatic
legal right to the pre-sentence credit. As explained above, the act of accepting the
recommendation of the State in a plea bargain required the judge to exercise judicial
discretion, and when granting the judgment nunc pro tunc, the judge employed
judicial reasoning when determining whether he was bound by the terms of the plea
bargain. This was not simply a miscalculation in the number of days of back-time
to be awarded, or a mistake in the transcription of the judgment into the court
records. Each judge had to make specific determinations as to what Appellee was
entitled, and therefore, no ministerial act was implicated.


Id. On the other hand, the court of criminal appeals emphasized some limitations on these concepts. 
It observed, "[i]f appellant had negotiated to receive this [award of additional back-time credit],
then entry of the final calculation of back-time could have been accomplished by judgment
nunc pro tunc." Id. Further, the court stressed, "if the amount of pre-sentence jail-time was not a
negotiated term of a plea bargain, the statute would apply and the defendant would be entitled to all
statutory back-time." It was "[b]y accepting the plea bargain with 34 days of credit, Appellee waived
his statutory right to the time served." Id.

 Here, the State urges that "[a]s in Collins, our judgment perfectly matches
the plea bargain agreement" because neither included a specific reference to back-time credit. 
The State characterizes the plea agreement as waiving Gomez's back-time, arguing that
"[w]hen Relator accepted the plea, there was no mention of the possibility of additional back-time
credit. If Relator had negotiated to receive his back-time, then entry of the final calculation could
have been accomplished by a judgment nunc pro tunc. Relator signed the very page that reflected
no back time."

 Gomez responds that while Collins "has injected some confusion into nunc pro tunc
practice," it is limited to cases where "the record affirmatively reflects a waiver of time credits, a
defendant is entitled to all the time spent in jail between arrest and sentencing." He points out that
the Collins court acknowledged that "if the amount of pre-sentence jail-time was not a negotiated
term of a plea bargain, the statute would apply and the defendant would be entitled to all statutory
back-time." Id. Where, as here, the plea agreement is simply silent as to the amount of back-time
credit, Gomez urges, he "cannot be said to have waived statutory back time and the 'judicial
reasoning' involved in accepting the plea bargain does not preclude correction of the judgment by
nunc pro tunc order." See id. We agree with Gomez.

 Unlike the situation in Collins, which involved a plea agreement specifying an
amount of back-time credit, Gomez's plea agreement did not address, one way or the other, whether
Gomez was to receive back-time or how much. Although the parties specified certain other terms
elicited in the Plea Bargain Agreement form, the parties left blank the spaces concerning back-time,
and "certif[ied] that . . . the agreement contains ALL the terms of the plea agreement to which they
have agreed." Thus, by its express terms, Gomez's written plea agreement did not address whether
he was to receive back-time or how much. Contrary to the State's arguments, the rationale of
Collins, as the court of criminal appeals made clear, does not extend to cases, like this one, where
"the amount of pre-sentence jail-time was not a negotiated term of a plea bargain." Id. In such
instances, the court emphasized, "the statute would apply and the defendant would be entitled to all
statutory back-time." Id.

 Accordingly, we conditionally grant Gomez's petition for writ of mandamus and
direct the district court to vacate its order denying Gomez's motion for judgment nunc pro tunc and
to enter a judgment nunc pro tunc awarding Gomez credit for the amount of time he served prior to
sentencing. The writ will issue only if the district court fails to take appropriate action in accordance
with this opinion.



 ___________________________________________

 Bob Pemberton, Justice

Before Chief Justice Law, Justices Puryear and Pemberton

Filed: September 16, 2008

1. In fact, the high court has emphasized that nunc pro tunc is the only means by which a
defendant can obtain relief from the omission of back-time credit from a judgment, at least until the
defendant is confined beyond his correct maximum discharge date. See Ex parte Deeringer,
210 S.W.3d 616, 617-18 & n.7 (Tex. Crim. App. 2006) (explaining that such a complaint would be
cognizable in a habeas application only if the applicant alleges that he is being illegally confined past
his maximum discharge date because the trial court failed to grant him the correct amount of
pre-sentence credit).