

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-11-00174-CR

_____

GLENN ROSS, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 124th Judicial District Court
Gregg County, Texas
Trial Court No. 38,315-B

Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Justice Carter

MEMORANDUM OPINION

Glenn Ross appeals from the final adjudication of his guilt. In the underlying prosecution, Ross pled guilty and was placed on deferred adjudication on July 9, 2010, for the offense of indecency with a child by contact. His guilt was deferred and he was placed on community supervision for seven years. On June 9, 2011, the State filed a motion to adjudicate guilt and revoke his community supervision based on allegations that Ross had violated a condition requiring him to abstain from the use of alcohol and that he had violated a criminal statute by driving while under the influence. Ross stipulated to the evidence and pled true. The trial court adjudicated him guilty and sentenced him to twelve years' imprisonment.

The record shows that Ross pled guilty to indecency with a child under count three of the indictment and that the State agreed to abandon the remaining counts. Count three of the indictment alleges that he engaged in sexual contact with Jane Doe, a child younger than seventeen years, by touching her breast. The only evidence admitted at the plea proceeding was Ross' stipulation, in which he admitted touching the breast of Jane Doe, a child younger than seventeen years. The judgment placing Ross on community supervision correctly specified that he pled guilty to indecency with a child, second degree felony, in violation of TEX. PENAL CODE ANN. § 21.11(a)(1) (West 2011). The trial court was required by Article 62 of the Texas Code of

Criminal Procedure to note the age of the victim, and it was found as "younger than 14 years of age."[1]

After the adjudication hearing, the trial court found Ross guilty and assessed punishment at twelve years' imprisonment. Once again, the judgment adjudicating guilt correctly stated that the offense was "Indecency with a Child." But the judgment incorrectly noted that the statute violated was TEX. PENAL CODE ANN. § 22.021(a)(2)(B), which is the offense of aggravated sexual assault. Further, the judgment noted the age of the victim at "younger than 14 years of age." Ross appeals, arguing the adjudication of guilt was faulty based on the finding of the victim's age and an incorrect statute reference, which could not be corrected by nunc pro tunc order. We affirm the judgment of the trial court.

At the adjudication hearing, the trial court clearly stated that Ross had pled guilty to the offense of touching a child under seventeen, not a child under fourteen, and not aggravated sexual assault. At the beginning of the proceeding, the court specified that the range of punishment was between two and twenty years for the crime. There is no suggestion that the range was inappropriate for the actual offense, and it is the correct range for a second degree felony. TEX. PENAL CODE ANN. §§ 12.33, 21.11(a)(1), (d) (West 2011). The judge correctly pronounced sentence, but the written documentation of the ruling was inaccurate.

---

[1]This information is included in the judgment pursuant to the requirement for registration of sexual offenders. TEX. CODE CRIM. PROC. ANN. art. 62.051(c)(3) (West Supp. 2011).

In an attempt to rectify the confusion, the trial court entered a nunc pro tunc judgment adjudicating guilt that changed the statute reference to the correct one. But, the corrected judgment still contains language stating that the victim was younger than fourteen years of age. The remaining question is whether the portion of the judgment referring to her age is error.

We first point out that the portion of the document referring to her age is not a part of the command language of conviction. The command language of the conviction in the judgment nunc pro tunc refers to Ross' conviction for indecency with a child under seventeen, and now also references the correct statute to support the conviction. The complained-of language is later in the document, and reads:

> Sex Offender Registration Requirements apply to the Defendant. TEX. CODE CRIM. PROC. chapter 2
> The age of the victim at the time of the offense was **YOUNGER THAN 14 YEARS OF AGE.**

Nunc pro tunc literally means "now for then," and describes the inherent power possessed by a court to make its records speak the truth by correcting the record at a later date to reflect what actually occurred at trial. *Collins v. State*, 240 S.W.3d 925, 928 (Tex. Crim. App. 2007). The purpose of a nunc pro tunc order is to correctly reflect from the records of the court a judgment actually made by it, but which for some reason was not entered of record at the proper time. *Ex parte Dopps*, 723 S.W.2d 669, 670 (Tex. Crim. App. 1986) (per curiam). Where there is a variation between the oral pronouncement of sentence and the written memorialization of the

sentence, the oral pronouncement of sentence controls. *Thompson v. State*, 108 S.W.3d 287, 290 (Tex. Crim. App. 2003).

In this case, the trial court deferred adjudication of guilt for the offense of indecency with a child under seventeen. Later, the trial court revoked Ross' community supervision, adjudicated guilt, and sentenced him for the underlying offense: indecency with a child under seventeen. The judgment adjudicating guilt cited the wrong statute number, and a correction was made to conform to the actual judgment rendered. The mistake was not judicial in nature—but a failure of the written judgment to correctly reflect the judgment rendered by the trial court. The error regarding the statute number of the offense was clerical, and correction is the proper use of a nunc pro tunc judgment.

The trial court declined to make any change in the finding of the victim's age. Ross argues there is no evidence to support the entry that the child was younger than fourteen years of age. Proof that the victim was under fourteen years of age is not an element of the offense, and even if the evidence was insufficient to uphold this ancillary finding, it would not be reversible error, but the judgment could be reformed.

The only direct evidence that the victim was under fourteen years of age is the following testimony of Ross, which occurred during the adjudication/revocation proceeding.

> A.      [By Ross] . . . . And they come over to the motel and asked me if I could help them. And I helped -- Jessie got a job over at the motel, a maid job. And that's how they come about coming to the motel over there to stay.

5

Q.      And she was 11 at the time?

A.      At that time, yeah, maybe.

Q.      And [N.K.] believed you to be her biological father?

A.      Yes.

A more definitive answer is certainly preferable, but when asked if she was eleven years old, Ross answered, "Yeah" then added, "[M]aybe." As it appears on the printed page, such an answer appears equivocal, but the trial court, after seeing the witness' demeanor and hearing the words spoken, had some evidence to determine the child was eleven years of age (younger than fourteen) and entered such a finding. It is certainly true that the inflection, tone, and body language of the speaker conveys messages beyond that which can be captured in writing. The trial court chose not to change the finding that the victim was younger than fourteen even when the issue was brought to its attention by a motion for new trial. We cannot find that the trial court abused its discretion in making its determination of the age of the victim.

We affirm the judgment of the trial court.


Jack Carter
Justice


Date Submitted:      April 16, 2012
Date Decided:        April 26, 2012

Do Not Publish