**Petition for Writ of Mandamus Denied and Memorandum Opinion filed February 11, 2021.**



**In The**

# Fourteenth Court of Appeals

---

**NO. 14-21-00018-CR**
**NO. 14-21-00019-CR**
**NO. 14-21-00020-CR**

---

**IN RE TODD W. ALTSCHUL, Relator**

---

**ORIGINAL PROCEEDING**
**WRIT OF MANDAMUS**
**149th District Court**
**Brazoria County, Texas**
**Trial Court Cause Nos. 23557, 26672 & 26673**

---

## MEMORANDUM OPINION

On January 11, 2021, relator Todd W. Altschul filed a petition for writ of mandamus in this court. *See* Tex. Gov't Code Ann. § 22.221; *see also* Tex. R. App. P. 52. In the petition, relator complains of the November 30, 2020 orders denying his motions for judgment nunc pro tunc signed by the Honorable Terri Holder, presiding judge of the 149th District Court of Brazoria County.

On July 19, 2019 , relator filed a motion for judgment nunc pro tunc in three cases, asserting that each original judgment described the offense as a second degree felony when each offense was actually a third degree felony with enhanced punishment ranges. On August 8, 2019, the State filed its own motions for judgment nunc pro tunc, conceding that each judgment should be amended to describe each offense as a third degree felony. On August 13, 2019, the trial court ordered that the judgments should be changed to reflect that each offense was a third degree felony. Accordingly, on August 28, 2019, the trial court signed three judgments nunc pro tunc correcting the original judgments to reflect that each offense was a third degree felony.

On September 14, 2020 and September 30, 2020, relator sought mandamus relief from this court to correct and modify the trial court's August 28, 2020 judgments nunc pro tunc. *See In re Altschul*, Nos. 14-20-00674-CR & 14-20-00675-CR, 2020 WL 6741779, at *1 (Tex. App.—Houston [14th Dist.] Nov. 17, 2020, orig. proceeding) (mem. op., not designated for publication); *In re Altschul*, No. 14-20-00629-CR, 2020 WL 5792103, at *1 (Tex. App.—Houston [14th Dist.] Sept. 29, 2020, orig. proceeding) (mem. op., not designated for publication). We denied relator's petitions because he had an adequate remedy by appeal from the trial court's judgments nunc pro tunc. *Altschul*, 2020 WL 6741779, at *1;*Altschul*, 2020 WL 5792103, at *1.

On October 23, 2020, relator filed a motion for judgment nunc pro tunc "to modify clerical errors" in the August 28, 2019 judgments nunc pro tunc because each contains (1) an impermissible consecutive sentencing order; and (2) errors regarding

2

enhancement paragraphs. The trial court, on November 30, 2020, signed three orders denying judgment nunc pro tunc relief.

The purpose of a nunc pro tunc judgment is to provide a method for a trial court to correct the record when there is a discrepancy between the judgment as pronounced in court and the judgment reflected in the record. *Blanton v. State*, 369 S.W.3d 894, 897–98 (Tex. Crim. App. 2012). Corrections must reflect the judgment that was actually rendered but that for some reason was not properly entered into the record at the time of the judgment. *Id.* at 898. Such corrections are limited to clerical errors and not errors involving judicial reasoning. *Id.*

The cumulation of sentences involves judicial reasoning and does not fall within the narrow scope of a judgment nunc pro tunc. *State v. Schmitt*, No. PD-0594-11, 2012 WL 3996813, at *3–4 (Tex. Crim. App. Sept. 12, 2012) (not designated for publication). Therefore, the trial court did not abuse its discretion by denying relator's motion for judgment nunc pro tunc with regard to the cumulation of sentences.

As to relator's complaints of alleged errors concerning the enhancement paragraphs, relator failed to provide a record showing the original judgments on the enhancement paragraphs were clerical errors. *See Ex parte Dopps*, 723 S.W.2d 669, 670 (Tex. Crim. App. 1986) ("[B]efore a judgment nunc pro tunc may be entered, there must be proof that the proposed judgment was actually rendered or pronounced at an earlier time." (quoting *Wilson v. State*, 677 S.W.2d 518, 521 (Tex. Crim. App. 1984))). It was not an abuse of discretion for the trial court to deny relator's motion for nunc pro tunc on the alleged errors in the enhancement paragraphs.

Relator also asserts the August 28, 2019 judgments nunc pro tunc do not contain his thumbprint or state identification number as required for a judgment of conviction. Relator did not raise this contention in the trial court. Therefore, we do not address it. *See In re State ex rel. Ogg*, 610 S.W.607, 611 (Tex. App.—Houston [14th Dist.] 2020, orig. proceeding [mand. filed]).

Relator has not established that he is entitled to mandamus relief. Accordingly, we deny relator's petition for writ of mandamus. Relator's motion to consolidate is dismissed as moot.

PER CURIAM

Panel consists of Chief Justice Christopher and Justices Jewell and Poissant.
Do Not Publish — Tex. R. App. P. 47.2(b).

4