

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### NO. AP-76,896

### EX PARTE MICHAEL WAYNE GAITHER, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### IN CAUSE NO. 9797-A IN THE 132ND JUDICIAL DISTRICT COURT
### SCURRY COUNTY

COCHRAN, J., delivered the opinion of the Court in which KELLER, P.J., and PRICE, WOMACK, JOHNSON, KEASLER, HERVEY, and ALCALA, JJ., joined. MEYERS, J., did not participate.

### O P I N I O N

In July 2011, applicant pled guilty to one count each of burglary and engaging in organized criminal activity and was sentenced to eighteen months' imprisonment for the burglary and ten years' imprisonment for engaging in organized criminal activity.[1] The sentences were ordered to run concurrent with each other, but consecutive to (stacked atop)

---

[1] Because applicant pled true to the single enhancement paragraph, he faced a possible sentence of up to twenty years' imprisonment on the offense of organized criminal activity had he chosen to go to trial.

applicant's sentence for a 2006 burglary.[2]  Under the terms of the plea agreement, applicant waived his appellate rights.

On March 28, 2012, applicant filed an 11.07 application for a writ of habeas corpus, alleging ineffective assistance of trial counsel.  Specifically, applicant claimed that counsel was constitutionally deficient for giving him factually incorrect information about his sentences and for failing to object to the imposition of consecutive sentences.

Applicant's first claim asserted that trial counsel "coerced" him into accepting the plea bargain by telling him that "his sentence would, in fact, run concurrent with his prior 10 year sentence."[3] Applicant stated, "Had [trial counsel] not lied to and coerced applicant of this erroneous information. Applicant would [have] insisted on going to trial."[4]

Applicant's second ground, closely related to his first, was based on counsel's failure to object to the imposition of consecutive sentences. Applicant claims his own "failure to object was unknowing" because "[p]revious to and during the sentencing applicant's counsel erroneously advised applicant that he would not receive a consecutive sentence."[5] In sum, applicant claimed he was unaware that his sentences would be stacked because counsel did not inform him of that possibility.

---

[2] Throughout the proceedings below, this prior burglary conviction was referred to by its cause number, 8777.

[3] Writ Application at 11.

[4] *Id.*

[5] *Id.* at 12.

Before sending us applicant's habeas materials, the trial judge entered findings of fact and cited portions of the record that showed that applicant understood the plea bargain that he accepted and was satisfied with his attorney's assistance:

Judge:      . . . . Mr. Gaither, are you satisfied with the legal representation your attorney provided to you in these matters?

A:      Yes, sir.

Judge:      And I ask that question not because I think you wouldn't be or shouldn't be satisfied, but instead I ask that question just so you would have an opportunity to let me know if you were not satisfied. If you thought that there was some deficiency or ineffectiveness in your lawyer's work, you could tell me now since I give you that chance, and I could then work to get those problems resolved.

      I would also tell you that by giving you the chance now to let me know if there's a claim of ineffectiveness or deficiency on the part of the lawyer's work, that quite frankly would diminish your chances to successfully complain at some later date that your lawyer didn't do a good job. . . .

A:      Yes, sir.

Judge:      And understanding that are you still telling me you're satisfied with the lawyer's representation in these cases?

A:      Yes, sir.

Immediately after this questioning, the trial judge reviewed the terms of the plea offer:

Judge:      Mr. Gaither, the plea agreements that are in front of me . . . indicate you will plead guilty. . . . In Cause No. 9796, the state jail felony case, the plea agreement says you will be sentenced to 18 months in state jail . . . . It says that the sentence–the state jail sentence will begin to run when the sentence in 8777, a conviction out of this Court entered some previous–at some previous date . . . in 2006 [ceases to operate].

      . . . In Cause No. 9797 . . . [i]t says you will be sentenced to serve 10 years in the Texas Department of Criminal Justice . . .  It says this cause also will not begin to run until you have finished the judgment and–or completed the

judgment and sentence in Cause No. 8777, the 2006 conviction out of this Court.

. . . [Y]our sentences in 9796 and 9797 will run concurrent with one another but stacked on that 2006 sentence.

All of that is my understanding of what the plea bargain agreement is and what it entails. Have I stated the plea agreement the way you understand it to exist?

A:          Yes, sir.

Judge:      Are you asking me to approve this plea agreement, or these plea agreements?

A:          Yes, sir.[6]

In his habeas findings, the trial judge concluded that counsel's performance was not deficient because "the record shows that trial counsel conveyed the plea bargain agreement accurately and Applicant knew when he entered a guilty plea that the sentence would be consecutive to the sentence in Cause Number 8777."[7]  The trial judge also found that trial counsel was not deficient for failing to make an objection because any objection would have been futile. Ultimately, the trial judge concluded that the application was frivolous and recommended that we deny relief.  The trial judge also suggested that applicant may have abused the writ by being dishonest in his writ application.[8]

---

[6] After applicant acknowledged his agreement with the terms of the plea bargain, the trial judge formally sentenced applicant and stated that his sentences would "start to run when you finish the 2006 sentence as provided for in your plea agreement," and the organized-criminal-activity sentence "will not begin to run until [the 2006] cause number has been completed."

[7] Findings of Fact and Conclusions of Law (FF&CL) No. 22.

[8] FF&CL Nos. 24 and 25 set out the trial judge's concerns:

24. This Applicant's filing illustrates what has been done by prison inmates ad infinitum. That is, many inmates are willing to make

After reviewing the trial judge's findings, we agreed that applicant presented no meritorious issues. We also shared the judge's concern that applicant had abused the writ process, so we remanded the case and instructed the judge to make additional findings of fact to help us determine if applicant's statements were indeed perjurious.

The trial judge then held an evidentiary hearing at which trial counsel testified that he explained the State's plea offer to applicant. Applicant then initialed the written offer form to indicate his understanding and acceptance of its terms.[9] Counsel detailed some of his many plea discussions with applicant, including numerous instances in which counsel asked applicant if he had any questions or needed clarification. Counsel testified that he would not

---

spurious and vain allegations hoping that they will be released from prison, obtain some relief (perhaps a trip from TDCJ to the county jail for an evidentiary hearing) or cause trouble for those the inmate believes played some part in his being incarcerated. Therefore, he "concocts a piece of pure fiction [he] denominate[s] a Writ of Habeas Corpus. As a result of [his] ploy, prison officials, district clerks, court coordinators, sheriff's officers, bailiffs, court reporters," and prosecutors "are charged with responsibilities, and must discharge them, not to mention the hours of judge time, and this just at the Trial Court level! The taxpayers of this State have been robbed of a lot of dollars by th[e]...inmate..., and this Court does not believe [he] ought to be allowed to do so with impunity." *Ex parte Emmons*, 660 S.W.2d 106, 109 (Tex. Crim. App. 1983).

25. The written record in this case clearly reveals that Applicant is abusing the Writ process. The Writ privilege afforded to those who are truly illegally restrained is too serious and important a matter to be lightly and easily abused. *See Ex parte Carr*, 511 S.W.2d 523 (Tex. Crim. App. 1974).

[9] The State introduced the written plea offer into evidence. It shows applicant's initials and states that the sentences will be served consecutive to the 2003 burglary charge. The exact language is: "sentence to begin when sentence in 8777 ceases to operate."

have gone forward if applicant had not understood the offer and that he always uses the term "stacked" when referring to consecutive sentences because the terms "consecutive" and "concurrent" are "confusing enough to lawyers, much less clients." Counsel further testified that he "never advised [applicant] that his sentences would run concurrent," and that objecting to the imposition of consecutive sentences would have been futile because the sentences were "consistent with the plea bargain, which was initialed by Mr. Gaither."

Based on a review of the record, trial counsel's testimony at the hearing, and his personal recollection of applicant's guilty plea, the trial judge entered supplemental findings of fact and conclusions of law stating that applicant filled out his habeas application with information that he knew to be false.

The supplemental findings and conclusions note that counsel's testimony "directly refutes" applicant's claims, and that "applicant's assertions . . . cannot be true."[10] The trial judge further found that applicant's statements were "deceitful and intentionally misleading." Specifically, the trial judge concluded that "Applicant's claim that trial counsel advised him that his sentence would run concurrently is perjurious."[11]

We adopt these supplemental findings and agree with the trial judge that, in using information he knew to be false to fill out his application, applicant has abused the writ process. Based on the record and the supplemental findings, we agree that applicant's trial

---

[10] FF&CL 3, 10.

[11] FF&CL 11-12.

counsel did not "coerce" applicant or provide him with "erroneous information" regarding the plea offer. Furthermore, counsel's failure to object to the imposition of consecutive sentences was not deficient. It is clear to us—as it was to the trial judge and to trial counsel—that applicant knew that these two sentences would be served consecutive to his prior 2006 burglary sentence and that applicant intentionally provided false information in his writ application. We deny relief on this application and cite applicant for abuse of the writ. Furthermore, "'applicant has waived and abandoned any contention he might have in regard to the instant conviction,' at least insofar as existing claims that he could or should have brought in this application."[12]

In *Jones* and *Middaugh*, the applicants attached forged documents to their applications.[13] Here, applicant was intentionally dishonest in the application itself. In his application for habeas corpus, applicant signed the following Inmate Declaration:

> I, Michael Wayne Gaither, being presently incarcerated in TDCJ-Tulia Transfer Facility, declare under penalty of perjury that, according to my belief, the facts stated in the application are true and correct.

Applicant violated this oath.

The writ of habeas corpus is a an integral part of our criminal justice system that is firmly rooted in our common-law heritage.[14] It allows incarcerated individuals who have

---

[12] *Ex parte Jones*, 97 S.W.3d 586, 588 (Tex. Crim. App. 2003) (quoting *Middaugh v. State*, 683 S.W.2d 713, 714 (Tex. Crim. App. 1985)).

[13] *Jones*, 97 S.W.3d at 587-88; *Middaugh*, 683 S.W.2d at 714.

[14] *Preiser v. Rodriguez*, 411 U.S. 475, 485 (1973).

suffered a constitutional defect in their trial to "collaterally attack" that conviction, arguing that their continued imprisonment is unlawful.[15] The Great Writ is reserved for extraordinary equitable matters when no other legal remedy is available; it is not merely another layer of, nor a substitute for, an appeal.[16]  Although equitable relief may be rare, the pursuit of such relief is not; "we continue to hunt for the needles of meritorious writs in an ever-expanding haystack of writ filings."[17]  Last fiscal year alone, 5,632 applications for habeas corpus or other extraordinary relief were filed in this Court.[18]  Despite the number of applications filed, all "'are carefully scrutinized by an already over-burdened court.'"[19] The act of filing a perjurious application is an affront not just to this Court, but to the criminal-justice system generally, as well as to all citizens—especially those inmates with potentially meritorious habeas claims. Such filings also waste valuable tax dollars. For these reasons we "will not tolerate the filing of perjurious or forged material in writs of habeas corpus."[20]

As we did in *Middaugh*, we direct the Clerk of this Court to forward a copy of this opinion, along with the habeas application, to the prosecuting office in the county where

---

[15] *See Ex parte Baker*, 185 S.W.3d 894, 897 (Tex. Crim. App. 2006).

[16] *Ex parte Clore*, 690 S.W.2d 899, 900 (Tex. Crim. App. 1985).

[17] *Jones*, 97 S.W.3d at 588.

[18] *Court of Criminal Appeals Activity*, ANNUAL REPORT OF THE TEXAS JUDICIARY: FISCAL YEAR 2012 (Office of Court Administration).

[19] *Jones*, 97 S.W.3d at 588 (quoting *Middaugh*, 683 S.W.2d at 714).

[20] *Id.*

applicant signed (or filed) the inmate declaration. The Clerk shall also advise the prosecutor "to take such action as he may deem appropriate."[21]  We note that any sentence imposed as a result of a conviction for an offence while committed in prison shall be "stacked" atop the sentences currently being served.[22]

Furthermore, the denial of a frivolous initial writ application under Article 11.07 acts as a bar to filing any further writ applications, except in those few exceptions set out in Article 11.07, § 4. Writ applications dismissed under section 4 may, in appropriate cases, be dismissed with a final order declaring the lawsuit frivolous.

It is therefore ordered that relief is denied.  In addition, we cite applicant for abuse of the writ.

Delivered: December 12, 2012
Publish

---

[21] *Middaugh*, 683 S.W.2d at 715.

[22] *Jones*, 97 S.W.3d at 589 ("[I]f a defendant is convicted of an offense committed while he is an inmate in the institutional division of the Texas Department of Criminal Justice, the trial judge shall 'stack' any sentence for the subsequent offense on top of the original sentence.").