IN THE COURT OF CRIMINAL APPEALS
OF TEXAS



NO. WR-75,211-04




EX PARTE ROGELIO PORRAS, Applicant




ON APPLICATION FOR A WRIT OF HABEAS CORPUS
CAUSE NO. 20080D05650-409-1 IN THE 409th DISTRICT COURT
FROM EL PASO COUNTY




            Per curiam.

O R D E R

            Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of aggravated
assault and sentenced to fifteen years’ imprisonment. The Eighth Court of Appeals dismissed his
appeal because this was a plea bargained case and the Applicant had no right to appeal. Porras v.
State, No. 08-09-00163-CR (Tex. App.–El Paso, delivered August 12, 2009, no pet.).
            In his present application, Applicant raises two grounds challenging his conviction. This
application, however, presents a more serious question. Applicant alleges that plea was involuntary
and the plea agreement in this case was broken. However, the trial court has found, based upon the
record, that Applicant’s claims are intentionally false and misleading. 
            The writ of habeas corpus is not to be lightly or easily abused. Sanders v. U.S., 373 U.S. 1
(1963); Ex parte Carr, 511 S.W.2d 523 (Tex. Crim. App. 1974). We find that Applicant has abused
The Great Writ by submitting false and misleading claims. Ex parte Gaither, 387 S.W.3d 643 (Tex.
Crim. App. 2012). We deny relief on this application and cite him for abuse of the writ. By that
abuse, Applicant has waived and abandoned any contention that he might have in regard to the
instant conviction, at least insofar as existing claims that he could have or should have brought in
the application. Ex parte Jones, 97 S.W.3d 586 (Tex. Crim. App. 2003); Middaugh v. State, 683
S.W.2d 713 (Tex. Crim. App. 1985); Ex parte Emmons, 660 S.W.2d 106 (Tex. Crim. App. 1983). 
Additionally, based on Applicant’s submission of false evidence, we find that Applicant has filed
a frivolous lawsuit.
            Therefore, we instruct the Honorable Abel Acosta, Clerk of the Court of Criminal Appeals,
not to accept or file the instant application for a writ of habeas corpus, or any future application
pertaining to this conviction unless Applicant is able to show in such an application that any claims
presented have not been raised previously and that they could not have been presented in a previous
application for a writ of habeas corpus. Ex parte Bilton, 602 S.W.2d 534 (Tex. Crim. App. 1980).
            Copies of this order shall be sent to the Texas Department of Criminal Justice-Correctional
Institutions Division and Pardons and Paroles Division.
 
Filed: September 18, 2013
Do not publish