

## COURT OF APPEALS
### SECOND DISTRICT OF TEXAS
### FORT WORTH

### NO. 02-13-00042-CR

JAMES MICHAEL
CHECKSFIELD

APPELLANT

V.

THE STATE OF TEXAS

STATE

------------

FROM THE 355TH JUDICIAL DISTRICT COURT OF HOOD COUNTY

------------

## MEMORANDUM OPINION[1]

------------

Appellant James Michael Checksfield appeals his conviction for delivery of a controlled substance, alleging ineffective assistance of counsel. We affirm the trial court's judgment.

A grand jury indicted Appellant for delivery of 4 grams or more but less than 200 grams, including any adulterants and dilutants, of methadone. *See*

---

[1]*See* Tex. R. App. P. 47.4.

Tex. Health & Safety Code Ann. §§ 481.102(4), 481.112(a) (West 2010). Although this offense is a first-degree felony, Appellant was subject to a possible punishment range of life or a term of not more than 99 years or less than 15 years because he previously had been finally convicted of a felony. *Id.* § 481.112(d); Tex. Penal Code Ann. § 12.42(c) (West Supp. 2013). The State offered Appellant a 40-year sentence in exchange for a guilty plea. Appellant rejected the offer, pleaded guilty, and elected to have a jury assess his punishment.

At the punishment trial, Appellant's counsel's strategy was that other, more harmful drugs—such as methamphetamine—were subject to a lower range of punishment, which would be more appropriate for delivery of methadone. Counsel also attempted to argue that the actual amount of methadone Appellant delivered, absent the adulterants added by the manufacturer, should reduce Appellant's range of punishment. The State called the undercover officer who testified about how he bought the methadone from Appellant. Appellant's counsel proffered the testimony of a friend of Appellant's who stated he believed Appellant was "a good person." The jury assessed Appellant's punishment at 99 years' confinement and a $10,000 fine.[2]

Appellant filed a motion for new trial, arguing that trial counsel "gave him very bad legal advice," which caused Appellant to reject the 40-year offer. At the

---

[2]Appellant admits the State "had a great deal of damaging punishment evidence."

2

new-trial hearing, Appellant's counsel testified that he had advised Appellant of the State's offer and had reviewed the evidence the State could introduce against him at trial.[3]  Appellant rejected the offer and told counsel he would accept nothing more than a 25-year offer.  Counsel testified that he believed Appellant never would have accepted a 40-year offer, regardless of counsel's advice. Counsel presented Appellant's 25-year counteroffer to the State, which the State rejected.  Given Appellant's unwillingness to consider the 40-year offer, counsel formulated a trial strategy:  "One of the main points I've been thinking about is just that if you'd sold $140 worth of methamphetamine, you'd actually be in a lower range of punishment than you are by selling $140 worth of prescription pills."  Although counsel agreed with Appellant that a 25-year offer was "about right," he warned Appellant that "you never know what a jury will do, especially in this county."  Appellant also testified and affirmed that he had rejected the 40-year offer and that he did not consider it a good deal until after the jury assessed his punishment at 99 years.  Appellant agreed that his strategy "was to go for 25 years or less" during the trial.  The trial court denied Appellant's new-trial motion, and Appellant filed a notice of appeal.

Appellant argues that counsel's ineffective advice induced him to reject the State's 40-year offer.  A defendant is entitled to effective assistance of counsel during the plea-bargain process.  *See Hill v. Lockhart*, 474 U.S. 52, 58–59, 106

---

[3]Appellant admits this evidence is "very strong."

3

S. Ct. 366, 370–71 (1985). To establish ineffective assistance of counsel, the appellant must show by a preponderance of the evidence that his counsel's representation fell below the standard of prevailing professional norms and that there is a reasonable probability that, but for counsel's deficiency, the result of the trial would have been different. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984); *Davis v. State*, 278 S.W.3d 346, 352 (Tex. Crim. App. 2009).

To determine deficient performance, we look to the totality of the representation and the particular circumstances of each case. *Thompson v. State*, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999). The issue is whether counsel's assistance was reasonable under all the circumstances and prevailing professional norms at the time of the alleged error. *See Strickland*, 466 U.S. at 688–89, 104 S. Ct. at 2065. Our review of counsel's performance is highly deferential, and we indulge a strong presumption that counsel's conduct fell within a wide range of reasonable representation. *Salinas v. State*, 163 S.W.3d 734, 740 (Tex. Crim. App. 2005); *Mallett v. State*, 65 S.W.3d 59, 63 (Tex. Crim. App. 2001). In the plea-bargain context and to show the required but-for prejudice, a defendant must show that the outcome of the plea process would have been different with competent advice. *Lafler v. Cooper*, 132 S. Ct. 1376, 1384 (2012). When a plea-bargain offer is rejected based on bad legal advice, the requisite prejudice is shown if the defendant shows by a reasonable probability that (1) he would have accepted the earlier offer if counsel had not

4

given ineffective assistance, (2) the State would not have withdrawn the offer, and (3) the trial court would not have refused to accept the plea bargain. *Id.* at 1385; *Ex parte Argent*, 393 S.W.3d 781, 784 (Tex. Crim. App. 2013).

Appellant has failed to show that counsel's performance was deficient. Counsel advised Appellant of the State's offer and detailed the evidence the State had against Appellant. Appellant made an informed decision and rejected the offer. *See Ex parte Wilson*, 724 S.W.2d 72, 74 (Tex. Crim. App. 1987) (holding counsel must enable defendant to make informed plea-bargain decision but defendant is final authority on whether to accept or reject offer). Appellant admitted that he would not accept the 40-year offer and that his goal was "to go for 25 years or less." Indeed, Appellant realized that he should have accepted the 40-year offer only after he had been sentenced to 99 years' confinement. Counsel's strategy to cast Appellant as a low-level drug dealer who was a victim of his circumstances was born only after Appellant refused to consider the State's 40-year offer. Counsel was not deficient. *See Ex parte Gaither*, 387 S.W.3d 643, 647 (Tex. Crim. App. 2012).

Additionally, Appellant has failed to show by a preponderance of the evidence that he was prejudiced by counsel's advice regarding the plea-bargain offer. Appellant clearly stated that he was never interested in the State's 40-year offer until after the jury assessed his punishment. In short, there is no evidence that Appellant would have accepted the 40-year offer but for counsel's advice. Thus, even if counsel's performance was deficient, Appellant has failed to show

5

prejudice. *See Chapa v. State*, 407 S.W.3d 428, 434 (Tex. App.—Houston [14th Dist.] 2013, no pet.); *cf. State v. Williams*, 83 S.W.3d 371, 375 (Tex. App.—Corpus Christi 2002, no pet.) (finding prejudice from counsel's deficient performance because defendant stated he would have taken plea-bargain offer if counsel had fully explained offer).

We overrule Appellant's sole issue and affirm the trial court's judgment.

LEE GABRIEL
JUSTICE

PANEL:  MCCOY and GABRIEL, JJ.; and DIXON W. HOLMAN (Senior Justice, Retired, Sitting by Assignment).

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  November 14, 2013