IN THE COURT OF CRIMINAL APPEALS
OF TEXAS



NO. WR-80,956-03




EX PARTE RODNEY DWAYNE CLEVELAND, Applicant




ON APPLICATION FOR A WRIT OF HABEAS CORPUS
CAUSE NO. 05-94049-C IN THE 252ND DISTRICT COURT
FROM JEFFERSON COUNTY




            Per curiam.
 
O R D E R

            Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of delivery of a
controlled substance and sentenced to ten years’ imprisonment. The Ninth Court of Appeals
reformed the judgment and affirmed the trial court’s nunc pro tunc judgment of conviction. 
Cleveland v. State, No. 09-13-00059-CR (Tex. App.—Beaumont 2013, no pet.).
            The trial court made findings of fact and conclusions of law and recommended that we
dismiss this application. Tex. R. App. P. 73.2. It found that pages were missing from the 11.07 form,
Applicant continued or supplemented his summary of facts on ruled notebook paper in a
memorandum of law, he intentionally prepared a noncompliant application, and he knowingly and
deliberately acted dishonestly by submitting a frivolous application. The trial court recommended
that we dismiss this application and cite Applicant for abuse of the writ because he knowingly and
deliberately filed a noncompliant application. 
            We decline to adopt these findings and conclusions. The 11.07 form forwarded to this Court
is not missing pages. Nor does Rule 73.1(c) of the Rules of Appellate Procedure proscribe a
memorandum on ruled notebook paper that continues or supplements an applicant’s summary of
facts from the 11.07 form. Instruction 17 on the 11.07 form in fact encourages applicants 
challenging their convictions to “include a summary of the facts pertaining to your offense and trial
and in your memorandum.” Finally, in recommending that we cite Applicant for abuse of the writ,
the trial court relied on Ex parte Gaither, 387 S.W.3d 643 (Tex. Crim. App. 2012). There, we cited
the applicant for abuse of the writ because he made perjurious statements in an Article 11.07
application. Gaither is distinguishable, and even if the present application were noncompliant, as
the trial court found, we do not believe that citing an applicant for abuse of the writ would be
appropriate.
            Based on our own independent review of the record, we find that Applicant’s claims are
without merit. Relief is denied. 
Filed: June 25, 2014
Do not publish