

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### NO. WR-76,979-02

### EX PARTE JORGE MENDOZA, JR.,
### AKA GEORGE MENDOZA, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. 64,862 IN THE 426TH DISTRICT COURT
### FROM BELL COUNTY

*Per curiam*. KELLER, P.J., concurs.

### O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of two counts of indecency with a child by contact and sentenced to life imprisonment on each count. The Third Court of Appeals affirmed his convictions. *Mendoza v. State*, 03-10-00344-CR (Tex. App.—Austin May 24, 2013) (not designated for publication).

On May 13, 2015, we remanded this application to determine whether Larry Warner was authorized to file it as Applicant's counsel of record. On the prescribed form for Article 11.07

applications, Warner circled "petitioner" and wrote that he was the "Attorney for Applicant." But in a *pro se* motion to abate, Applicant claimed that Warner filed this application after his services had been terminated.

On May 21, in response to this Court's remand order, the trial court signed an order designating issues (ODI) and directed Applicant and Warner to file affidavits by July 27. Shortly after the trial court entered its ODI, Sean K. Proctor, an Assistant District Attorney in Bell County, sent Applicant and Warner a copy of the ODI. Applicant complied with the ODI and filed a sworn affidavit well before the July 27 deadline. On July 13, instead of filing an affidavit, Warner filed a "Motion to Propound Questions to Witness with Knowledge of Relevant Facts," the witness being Proctor. The questions in his "Motion," were not, on the whole, material to the underlying inquiry.[1] On July 20, Warner filed a document entitled, "Answers to District Court's Inquiries." As the trial court would point out in its findings of fact, this was not an affidavit. The trial court scheduled an evidentiary hearing for August 6.

On the scheduled day, the trial court held the hearing. Warner was not present, despite being sent written notice by mail on July 20, and being called on the day of the hearing. Applicant appeared telephonically. After the hearing, the trial court determined that Warner was not authorized to file this application and recommended that we dismiss it.

After the trial court made its findings, Warner filed motions asking the trial court to reopen the evidence and hold a hearing. He also filed a motion for new trial and asked this Court in an "Advisory" to take judicial notice of his motion under Rule of Evidence 201. He argued that he had mistakenly failed to verify his July 20 "Answers." They were now verified, he said, and should be

---

[1]Nothing in the record indicates that the trial court ruled on this motion.

considered. He also explained that his absence from the hearing was not intentional and that he had a defense to Applicant's claim that he had filed an unauthorized application.

We agree with the trial court's findings and recommendation and will dismiss this application. We also write to admonish Warner. Not only did he file an unauthorized application, but by his responses and motions he also wasted this Court's judicial resources and frustrated the fact-finding process. We will not tolerate such conduct. Applicant is limited to "one bite at the apple." *Ex parte Torres*, 943 S.W.2d 469, 474 (Tex. Crim. App. 1997). Unless he satisfies the subsequent-application provisions in § 4, in other words, he has one opportunity to challenge his conviction and sentence in an Article 11.07 application. By filing an unauthorized application, Warner jeopardized this opportunity. He also was not mindful of this Court's scarce judicial resources. In fiscal year 2014, we disposed of 4,733 Article 11.07 applications and 819 original and extraordinary matters. ANNUAL STATISTICAL REPORT FOR THE TEXAS JUDICIARY: FISCAL YEAR 2014 (Office of Court Administration). As we have said elsewhere, all of these "are carefully scrutinized by an already over-burdened Court." *Ex parte Gaither*, 387 S.W.3d 643, 648 (Tex. Crim. App. 2012) (quoting *Middaugh v. State*, 683 S.W.2d 713, 714 (Tex. Crim. App. 1985)). In the future, we remind Warner to be more cognizant of his ethical obligations as an attorney.

This application is dismissed. A copy of this order shall be sent to the Office of the Chief Disciplinary Counsel of the State Bar of Texas.


Filed: November 4, 2015
Do not publish