

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### NO. WR-83,601-01

### EX PARTE DANIEL FLORES, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. 20120D04238-34-01 IN THE 34TH DISTRICT COURT
### FROM EL PASO COUNTY

*Per curiam.*

## O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant pleaded guilty to stalking pursuant to a plea agreement and was placed on deferred adjudication probation for two years. He was later adjudicated guilty and sentenced to four years' imprisonment. He did not appeal his conviction.

Applicant contends that his guilty plea was involuntary. On August 26, 2015, we remanded this application and directed the trial court to make findings of fact and conclusions of law and to order trial counsel to respond. On remand, the trial court found, among other things, that the State

never made a plea offer of thirty days in the county jail.

This application also presents a more serious question. Applicant contends that he would have accepted a plea offer for thirty days in the county jail had counsel advised him that he would be credited with the twenty-seven days he had already spent in jail. Yet after Applicant was adjudicated guilty, he wrote a letter to the trial judge and said he "declined the thirty day jail sentence because I was afraid to go to jail and have the charge on my record as I was in college and my plan was to complete college and work for the Government." This is consistent with a sworn affidavit trial counsel filed on remand. According to counsel, after Applicant received a plea offer for deferred adjudication probation, "he [Applicant] decided that he would not consider any other offers. He stated that he was attending school at NMSU [New Mexico State University] and did not want to have a conviction on his record."

In light of this record, the trial court found that Applicant made a statement in his application that he knew was false and intentionally misrepresented the facts and circumstances of the plea proceedings in his case. The trial court concluded that Applicant had abused the writ.

We agree. The writ of habeas corpus is not to be lightly or easily abused. *Sanders v. U.S.*, 373 U.S. 1 (1963); *Ex parte Carr*, 511 S.W.2d 523 (Tex. Crim. App. 1974). We find that Applicant has abused The Great Writ by making a false statement in his application. *See Ex parte Gaither*, 387 S.W.3d 643 (Tex. Crim. App. 2012). We deny relief on this application and cite Applicant for abuse of the writ. By that abuse, Applicant has waived and abandoned any contention that he might have in regard to the instant conviction, at least insofar as existing claims that he could have or should have brought in the application. *Ex parte Jones*, 97 S.W.3d 586 (Tex. Crim. App. 2003); *Middaugh v. State*, 683 S.W.2d 713 (Tex. Crim. App. 1985); *Ex parte Emmons*, 660 S.W.2d 106 (Tex. Crim.

App. 1983). Additionally, based on his submission of false evidence, we find that Applicant has filed a frivolous lawsuit.

Therefore, we instruct the Honorable Abel Acosta, Clerk of the Court of Criminal Appeals, not to accept or file any future application pertaining to this conviction unless Applicant is able to show in such an application that any claims presented have not been raised previously and that they could not have been presented in a previous application for a writ of habeas corpus. *Ex parte Bilton*, 602 S.W.2d 534 (Tex. Crim. App. 1980).

Copies of this order shall be sent to the Texas Department of Criminal Justice-Correctional Institutions Division and Pardons and Paroles Division.


Filed: December 16, 2015
Do not publish